IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Arturo Sanchez Rosario, | : | |
| Petitioner | : | Case No. 2:12-cv-0488 |
| v. | : | Judge Frost |
| Immigration and Customs Enforcement and Warden, Marion Correctional Institution, | : : | Magistrate Judge Abel |
| Respondents | : | |

# REPORT AND RECOMMENDATION

Petitioner Arturo Sanchez Rosario, a prisoner at the Marion Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2251, which he styles a petition to vacate pending charges and detainer. This matter is before the Magistrate Judge for preliminary consideration of the petition.

Petitioner is apparently serving a state prison sentence. The petition alleges that on November 18, 2009 the Immigration and Naturalization Service served a detainer against him, but he has not been "brought to trial" on the "charges" within 180 days as required by the Interstate Agreement on Detainers. The petition does not identify the "charge" against petitioner nor the jurisdiction in which the charge is pending.

Unless the violation of the Interstate Agreement on Detainers involves "a fundamental defect which inherently results in a complete miscarriage of justice," habeas corpus relief is not available. *Mars v. United States,* 615 F.2d 704, 707 (6th Cir. 1980). Here the petition does not allege circumstances that would merit habeas corpus relief. Further, the

petition does not allege that petitioner has exhausted his Ohio court remedies regarding the state's accepting the detainer and continuing to hold him subject to it. *See, Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493 (1973); *Norris v. State of Georgia,* 522 F.2d 1006, 1010-11 (4th Cir. 1975).

More fundamentally, a detainer filed by Immigration and Customs Enforcement with state prison officials does not fall within the terms of the Interstate Agreement on Detainers. *Moreno Escobar v. U.S. Department of Justice,* 2005 WL 1060635 (E.D. Pa. May 5, 2005); *Dang v. United States,* 2002 WL 1766401 (N.D. Calif. July 30, 2002); *United States v. Gonzalez-Mendoza,* 985 F.2d 1014, 1116 (9th Cir. 1993);

Accordingly, the Magistrate Judge RECOMMENDS that petition to vacate pending charges and detainer DISMISSED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail or email a copy of this Report and Recommendation to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street 16th Floor, 43215 and the United States Attorney for the Southern District of Ohio.

s/Mark R. Abel  
United States Magistrate Judge